UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JASON P.,

               Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

               Defendant.

Case No. C19-6096 RSM

**ORDER REVERSING AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS**

    Plaintiff seeks review of the denial of his applications for Supplemental Security Income and Disability Insurance Benefits. Plaintiff contends the ALJ erred in rejecting Plaintiff's symptom testimony, and the opinions of his treating physician, Cynthia Edwards, M.D. Pl. Op. Br. (Dkt. 9). Plaintiff contends the ALJ further erred in assessing Plaintiff's residual functional capacity ("RFC"), and erred in basing his step five determination on that RFC. *Id.* As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

    Plaintiff is 44 years old, has a GED, and has worked as a merchandise deliverer, short order cook, vending machine attendant, material handler, store laborer, and electrician helper. Admin. Record ("AR") (Dkt. 11) 26. Plaintiff applied for benefits on September 13, 2016,

alleging disability as of that date.  AR 74–75, 218–32.  Plaintiff's applications were denied initially and on reconsideration.  AR 74–105, 108–37.  He later amended the alleged onset date to January 10, 2017.  *See* AR 15, 41.  After the ALJ conducted a hearing on July 31, 2018, the ALJ issued a decision finding Plaintiff not disabled.  AR 15–29.  In relevant part, the ALJ found Plaintiff had severe impairments of degenerative disc disease, left shoulder dysfunction, status post left ankle fracture, depression, and anxiety.  AR 17.  The ALJ found Plaintiff had the RFC to perform a limited range of light work, with exertional, postural, manipulative, and environmental restrictions.  AR 19.  The ALJ further found Plaintiff cannot work directly with the public, needs a stable work setting that is low pressure, involving only simple decisions.  *Id.*  The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision.  AR 1–3.

## DISCUSSION

This Court may set aside the Commissioner's denial of Social Security benefits only if the ALJ's decision is based on legal error or not supported by substantial evidence in the record as a whole.  *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017).  The ALJ is responsible for evaluating evidence, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the ALJ.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  When the evidence is susceptible to more than one interpretation, the ALJ's interpretation must be upheld if rational.  *Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005).  This Court "may not reverse an ALJ's decision on account of an error that is harmless."  *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

A.     **Plaintiff's Symptom Testimony**

Plaintiff testified to physical and mental impairments. *See* AR 41–61, 266–73. He fractured and dislocated his left ankle in January 2017. *See* AR 532. Plaintiff testified he cannot bend that ankle as a result. *See* AR 42. He testified he has swelling in his left lower extremity that worsens from standing and sitting upright with his feet on the floor for long periods of time. AR 56. Plaintiff testified he could stand or walk for 10 to 15 minutes before he would start to feel "thumping" in his left leg. AR 57. He testified he could sit for 30 to 45 minutes before he would have problems with swelling. *Id.* He testified he needed to elevate his leg four or more times per day for 20 minutes or more. AR 59.

Regarding mental impairments, Plaintiff testified he has "a major phobia of being around people." AR 47. He testified he has severe depression and anxiety. *See* AR 47, 266, 269.

Where, as here, an ALJ determines that a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity "by offering specific, clear and convincing reasons for doing so. This is not an easy requirement to meet." *Garrison v. Colvin*, 759 F.3d 995, 1014–15 (9th Cir. 2014).

The ALJ rejected Plaintiff's testimony regarding the severity of his physical symptoms because it was inconsistent with the medical evidence, and Plaintiff's activities of daily living. *See* AR 21–24. The ALJ rejected Plaintiff's testimony regarding the severity of his mental symptoms because it was inconsistent with the medical evidence, which showed improvement and generally mild symptoms. *See* AR 21, 24.

1.     Plaintiff's Physical Symptom Testimony

The ALJ did not harmfully err in rejecting Plaintiff's testimony regarding the severity of

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 3

his physical symptoms.  The ALJ erroneously determined Plaintiff's testimony was inconsistent with the medical evidence, but reasonably found Plaintiff's testimony was inconsistent with his activities of daily living.  Among other things, the ALJ erred to the extent he rejected Plaintiff's physical symptom testimony based on his refusal to undergo surgery, which his doctors strongly recommended.  *See* AR 22, 536, 548.  An ALJ may reject the claimant's testimony based on a failure to follow treatment recommendations "unless one of a 'number of good reasons for not doing so' applies."  *Orn v. Astrue*, 495 F.3d 625, 638 (9th Cir. 2007) (quoting *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)).  The ALJ did not address Plaintiff's justification for forgoing surgery—severe anxiety—so the ALJ could not reject Plaintiff's testimony based on his failure to follow that treatment recommendation.

The ALJ reasonably found, however, that Plaintiff's physical symptom testimony was inconsistent with his daily activities.  An ALJ may discount a claimant's testimony based on daily activities that either contradict his testimony or that meet the threshold for transferable work skills.  *Orn*, 495 F.3d at 639.  The ALJ noted Plaintiff umpired seven games in one weekend, attempted jogging, was able to do some yard work, and helped his mother-in-law load a car for a swap meet, all of which contradicted the severity of limitations he alleged.  *See* AR 22–23, 568, 599, 634, 737.  The ALJ also noted Dr. Edwards indicated Plaintiff was able to do some house repairs because of his pain medication.  *See* AR 24, 746.  Although the ALJ overstated the evidence regarding some of Plaintiff's activities, he reasonably interpreted the record overall in finding Plaintiff's activities contradicted his testimony regarding the severity of his physical symptoms.

Although the ALJ's analysis was not free from error, Plaintiff has failed to show harmful error.  *See Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012) (citing *Shinseki v. Sanders*,

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 4

556 U.S. 396, 407–09 (2009)) (holding the party challenging an administrative decision bears the burden of proving harmful error). An error is harmless "where it is 'inconsequential to the ultimate disability determination.'" *Molina*, 674 F.3d at 1115 (quoting *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)). The ALJ gave at least one valid reason for rejecting Plaintiff's physical symptom testimony, so his inclusion of an erroneous reason was inconsequential. The ALJ therefore did not harmfully err in rejecting Plaintiff's physical symptom testimony.

  2. <u>Plaintiff's Mental Symptom Testimony</u>

The ALJ harmfully erred in discounting Plaintiff's testimony regarding the severity of his mental symptoms because he unreasonably found that testimony inconsistent with the medical evidence. The ALJ noted some aspects of Plaintiff's mental symptoms improved. *See* AR 21, 24. But Plaintiff continued to experience symptoms of mental impairment, and there are no clear indications his symptoms were well-controlled. *See* AR 488, 506, 595, 600, 606, 615, 622, 655, 738–39. "Reports of improvement in the context of mental health must be interpreted with an understanding of the patient's overall well-being and the nature of [his] symptoms" as well as "an awareness that improved functioning while being treated and while limiting environmental stressors does not always mean that a claimant can function effectively in a workplace." *Garrison*, 759 F.3d at 1017 (internal quotation marks and citations omitted). The ALJ did not reasonably interpret the evidence, and thus harmfully erred in rejecting Plaintiff's mental symptom testimony.

**B.** **Dr. Edwards's Opinions**

Dr. Edwards was one of Plaintiff's treating doctors. *See* AR 738–46. She completed a questionnaire from Plaintiff's counsel on May 2, 2018. *See* AR 708–09. Dr. Edwards opined

Plaintiff needed to elevate his left leg to control swelling. AR 708. Dr. Edwards opined Plaintiff would need to elevate his leg for an average of 30 minutes twice a day, in the later afternoon and early evening. *Id.* Dr. Edwards opined Plaintiff would require unscheduled periods of elevation if he was "standing for longer periods of time." AR 709. She opined Plaintiff would be expected to miss three or more days of work per month because of ankle pain, increased anxiety, and depression. *Id.*

An ALJ may reject the contradicted opinions of a treating doctor by giving "specific and legitimate reasons that are supported by substantial evidence in the record." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (citing *Andrews*, 53 F.3d at 1043). The ALJ gave Dr. Edwards's opinions little weight because he found them inconsistent with her treatment notes. AR 26. As the ALJ reasoned, Dr. Edwards indicated in her treatment notes that Plaintiff tolerated pain medication without significant side effects, and that medication allowed him to do more work around his house. *Id.* Furthermore, the medical records indicated swelling in Plaintiff's ankle became an issue later in the day after being on his feet for a significant amount of time. *Id.*

The ALJ erred in rejecting Dr. Edwards's opinions because he failed to adequately explain the inconsistencies he found between Dr. Edwards's opinions and her treatment notes. The ALJ failed to explain, for example, how the fact that Plaintiff's swelling came later in the day was inconsistent with Dr. Edwards's opinion that Plaintiff needed to elevate his leg for an average of 30 minutes twice a day in the later afternoon and early evening. *See* AR 26, 708. Similarly, the ALJ failed to explain how Dr. Edwards's note that Plaintiff could do more while on pain medication contradicted her opinion that Plaintiff needed to elevate his leg due to swelling. *See* AR 26, 708–09. The ALJ therefore failed to provide specific and legitimate reasons for rejecting Dr. Edwards's opinions, and harmfully erred.

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 6

**C.      Plaintiff's RFC**

Plaintiff argues the ALJ erred in assessing Plaintiff's RFC and by basing his step five findings on that RFC. Pl. Op. Br. at 9–10. This argument is derivative of Plaintiff's other arguments, as it is based on the contention the ALJ failed to properly evaluate Plaintiff's symptom testimony and Dr. Edwards's opinions. *See id.* Because the Court has found the ALJ erred in evaluating some of Plaintiff's symptom testimony and Dr. Edwards's opinions, Plaintiff's argument succeeds. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1040–41 (9th Cir. 2007) (holding ALJ's RFC assessment and step five determination were not supported by substantial evidence where the RFC and hypotheticals to vocational expert failed to include all of the claimant's impairments).

**D.      Scope of Remand**

Plaintiff cursorily asks the Court to remand this matter for an award of benefits. *See* Pl. Op. Br. at 10. Remand for an award of benefits "is a rare and prophylactic exception to the well-established ordinary remand rule." *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017). The Ninth Circuit has established a three-step framework for deciding whether a case may be remanded for an award of benefits. *Id.* at 1045. First, the Court must determine whether the ALJ has failed to provide legally sufficient reasons for rejecting evidence. *Id.* (citing *Garrison*, 759 F.3d at 1020). Second, the Court must determine "whether the record has been fully developed, whether there are outstanding issues that must be resolved before a determination of disability can be made, and whether further administrative proceedings would be useful." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014) (internal citations and quotation marks omitted). If the first two steps are satisfied, the Court must determine whether, "if the improperly discredited evidence were credited as true, the ALJ would be required to find

the claimant disabled on remand." *Garrison*, 759 F.3d at 1020. "Even if [the Court] reach[es] the third step and credits [the improperly rejected evidence] as true, it is within the court's discretion either to make a direct award of benefits or to remand for further proceedings." *Leon*, 880 F.3d at 1045 (citing *Treichler*, 773 F.3d at 1101).

The appropriate remedy here is to remand for further administrative proceedings. The evidence does not conclusively establish Plaintiff is disabled. Dr. Edwards's opinions are vague in parts, and at minimum conflict with the opinions of Norman Staley, M.D. *See* AR 116–18, 708–09. The ALJ must resolve these ambiguities and conflicts. *See Andrews*, 53 F.3d at 1039.

On remand, the ALJ shall reevaluate Plaintiff's testimony regarding the severity of his mental symptoms, reevaluate Dr. Edwards's opinions, and reassess Plaintiff's RFC. The ALJ shall reevaluate the step five determination, and conduct all further proceedings necessary to reevaluate the disability determination in light of this opinion.

**CONCLUSION**

For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

DATED this 10th day of July, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE